UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-107-TWP-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KATHLEEN ANN OWENS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cr-00107-TWP-MJD |
| ) | |
| KATHLEEN ANN OWENS, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on a Motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), filed by Defendant Kathleen Ann Owens ("Ms. Owens") (Dkt. 76). For the reasons explained below, Ms. Owens' Motion is **denied**.

## I. BACKGROUND

In 2014, Ms. Owens pled guilty to one count of Possession With Intent to Distribute and/or Distribution of 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1), and one count of Possession With Intent to Distribute and/or Distribution of 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1). (Dkts. 61, 67.)

As reported in the presentence investigation report, law enforcement officials conducted a traffic stop on a vehicle driven by Ms. Owens, during which officers seized 407.3 grams of actual methamphetamine from her vehicle. (Dkt. 63 at 4.) Ms. Owens was stopped by law enforcement again several weeks later and, after a consensual search of her hotel room, officials found 55.33 grams of actual methamphetamine. *Id.* The Court sentenced Ms. Owens to 270 months of imprisonment, (Dkt. 67), which was later reduced to 240 months of imprisonment, (Dkt. 73). The Court also imposed a term of supervised release of 5 years on each count, to run concurrently. *Id.*

In February 2020, Ms. Owens filed a *pro se* motion for compassionate release. (Dkt. 76.) The Court appointed counsel to represent Ms. Owens, (Dkt. 77), and counsel filed an amended motion for compassionate release. (Dkt. 90.) Ms. Owens argues that she establishes extraordinary and compelling reasons for compassionate release because (1) her mandatory 20-year sentence based upon 21 U.S.C. §841(b)(1)(A) has since been reduced to 15 years; (2) she is needed to help care for her disabled mother; and (3) her medical conditions (Wolfe-Parkinson White Syndrome, anxiety and depression) place her at risk of severe illness if she were to contract COVID-19 again.[1] (Dkt. 90 at 7-15.)

The Government opposes Ms. Owens' request, arguing that the change in sentencing minimum does not establish an extraordinary and compelling reason to grant compassion release, nor does the desire to care for her mother or risk of severe illness should she contract COVID-19 again. (Dkt. 93 at 8-12.) The Government further argues that Ms. Owens would pose a danger to the community if released and the sentencing factors under 18 U.S.C. § 3553 do not favor release. *Id.* at 12-16. Ms. Owens filed a reply (Dkt. 96).

The Court thereafter entered an order requiring Ms. Owens to show cause why it should not find that recent Seventh Circuit caselaw forecloses her reliance on the risk she faces from the COVID-19 pandemic and the fact that she might receive a lower sentence if sentenced today, to establish extraordinary and compelling reasons for relief. (Dkt. 97.) Ms. Owens filed a response, acknowledging that she has been vaccinated, but nevertheless arguing that she "could be unable to

---

[1] Ms. Owens also briefly references lingering medical conditions since her bout with COVID-19 in December 2020 (lost sense of taste and smell, shortness of breath, elevated blood pressure and excessive fatigue) (Dkt. 90). To the extent Ms. Owens intended these conditions to be a separate extraordinary and compelling reason for release, the Court is not persuaded. Despite Ms. Owens' remaining symptoms, it does not appear that she is incapacitated or that these symptoms limit her ability to engage in self-care. For example, she reports that she has been able to maintain employment in the warehouse throughout her incarceration. (*See* Dkt. 90 at 18.) As such, the Court declines to exercise its discretion to find that Ms. Owens' ongoing COVID-19-related symptoms are an extraordinary and compelling reason to release her, whether alone or in combination with any other factors.

benefit from the vaccine due to her decreased immune response brought on by Wolff-Parkinson White Syndrome and her weight." (Dkt. 98 at 1.) She also argues that the vaccine may not be as effective against new variants of COVID-19, thereby still leaving her at risk despite her vaccinated status. Ms. Owens also appears to acknowledge that her argument regarding sentence disparity has been foreclosed by *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), as she now argues that if the Court finds extraordinary and compelling reasons to reduce her sentence, the Court should consider the disparities in Ms. Owens' sentence caused by the recent amendments in § 841(b)(1)(A) to determine the length of the warranted reduction.[2] (Dkt. 98 at 5.)

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

---

[2] Even if not seemingly withdrawn by Ms. Owens in her response to the show-cause order, as outlined by the Court in its prior order, her sentencing argument is foreclosed by the rationale of the Seventh Circuit's opinion in *Thacker*. *See* Dkt. 97 (discussing *Thacker*, 4 F.4th at 576); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release.").

4

Ms. Owens' first reason for requesting a sentence reduction—the risk to her physical health presented by COVID-19, particularly in light of her medical conditions—is not an extraordinary and compelling reason to release her, either alone or in combination with any other reason.

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

*United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Ms. Owens is fully vaccinated, and she has presented no evidence that she is unable to receive or benefit from the vaccine.[3] *See id.* Additionally, Ms. Owens "has not presented any evidence establishing that [she] is more at risk for an adverse outcome in prison than [she] would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, she has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, Dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Ms. Owens cannot show that the risk she faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Ms. Owens' family issue, whether considered alone or in conjunction with her risk from COVID-19, is also not an extraordinary and compelling to grant her release. While the Court understands that Ms. Owens would like to be at home to help her family members care for her disabled mother, this is not an instance where there are no other available caregivers. Moreover,

---

[3] In response to the Court's show-cause order, Ms. Owens cited to a small study from Rome suggesting that the COVID-19 vaccine may be only about half as effective in people with obesity than those at a healthy weight. (Dkt. 98 at 2.) But that study is not peer-reviewed, *see id.*, and the Court declines to find it sufficient to carry the burden of showing that Ms. Owens cannot benefit from the COVID-19 vaccine. Regardless, that study at best shows that the immune systems of people with obesity do not respond as strongly to the COVID-19 vaccine as people without those conditions, *id.*, not that the COVID-19 vaccine will fail to protect people with obesity from severe COVID-19 symptoms, which is the key issue in deciding whether risk from COVID-19 potentially warrants compassionate release.

while it is admirable that Ms. Owens would like to help her mother and plans to seek the necessary training to do so upon her release, many prisoners would also like to help care for their parents. It is not an extraordinary and compelling reason for release.

Given the determination that Ms. Owens has not shown extraordinary and compelling reasons to justify her release, the Court need not address whether she is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of her release.

### III.  CONCLUSION

For the reasons stated above, Ms. Owens' Motion for compassionate release, Dkt. [76], is **DENIED.**

**SO ORDERED.**

Date: 5/17/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terry Tolliver
BRATTAIN MINNIX TOLLIVER
terry@bmgindy.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov